**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                                                 No. 95-5971

DARLENE BENJAMIN,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-645-3-19)

Submitted: March 27, 1997

Decided: April 9, 1997

Before RUSSELL, LUTTIG, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Gordon Widenhouse, Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. J. Rene Josey, United States Attorney,
Jane B. Taylor, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Darlene Benjamin pled guilty to conspiracy to distribute and possess with intent to distribute crack cocaine, 21 U.S.C. § 846 (1994), and received a sentence of 63 months imprisonment. Benjamin appeals her sentence, arguing that the district court plainly erred in determining her criminal history score. We affirm.

The probation officer assigned Benjamin two criminal history points, one of which was for a $137 fine she received for shoplifting in 1991. See United States Sentencing Commission, Guidelines Manual § 4A1.1(c) (Nov. 1995). With an offense level of 27 and a criminal history category of II, Benjamin's guideline range was 78-97 months. Benjamin did not object to the presentence report. At sentencing, the district court departed downward two levels for substantial assistance, giving her a new guideline range of 63-78 months, and imposed sentence at the bottom of the range.

Benjamin now contends that the district court committed plain error when it awarded her one criminal history point for the fine she received for the shoplifting conviction. Under United States v. Olano, 507 U.S. 725, 732-36 (1993), an appellate court may notice an error not raised in the district court if an error indeed was made which affected the defendant's substantial rights and should be corrected because it "seriously affects the fairness, integrity or public reputation of judicial proceedings."

Benjamin points out that certain offenses listed in USSG § 4A1.2(c)(1) "and offenses similar to them, by whatever name they are known," are not counted in determining a defendant's criminal history score. She argues that shoplifting, which is not listed, is similar to writing an insufficient funds check, an offense which is listed, under a test used in the Fifth Circuit. See United States v. Gadison, 8 F.3d 186, 193 (5th Cir. 1993) (finding Texas conviction for "theft by check" similar to offense of "insufficient funds check"); United States v. Hardeman, 933 F.2d 278, 281-83 (5th Cir. 1991) (finding Texas conviction for driving without insurance generally similar to listed offenses). The Hardeman test requires a comparison of "all pos-

2

sible factors of similarity," including punishment, elements of the offense, level of culpability, and likelihood of recurring criminal conduct. <u>Hardeman</u>, 933 F.2d at 281. Benjamin argues that, under this test, shoplifting is so similar to the offense of writing an insufficient funds check that the district court should have sua sponte refused to award the criminal history point recommended by the probation officer.

While Benjamin has raised an arguable issue, we cannot say that the district court plainly erred. Moreover, because Benjamin's offense involved 48 grams of crack, the statute required a mandatory five-year sentence. <u>See</u> 21 U.S.C. § 841(b)(1)(B) (1994). She received only three months more. She suggests that, had her guideline range been recalculated to fall below 60 months, the court would also have found that she qualified for sentencing below the mandatory minimum under the safety valve provision. <u>See</u> 18 U.S.C. § 3553(f)(1)-(5) (1994); USSG § 3C1.2. However, we cannot say with certainty that the district court would have made all the necessary factual findings in her favor. The sentence is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>